UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE MARSHALL, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>PEORIA COUNTY, et. al., )<br>    Defendants ) | Case No. 22-1236 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff, a *pro se* detainee, submitted a letter with exhibits to the Court which has been filed as a complaint pursuant to 42 U.S.C.§1983. [1]; *see Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse *pro se* plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P. 8). Plaintiff has not paid the required filing fee, nor has he submitted a motion to proceed *in forma pauperis*.

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff is currently facing criminal charges in state court alleging Drug Induced Homicide. Plaintiff says his constitutional rights have been violated because he has been "continuously detained" for a crime he did not commit. (Comp., p. 3). Plaintiff asks this Court to review documents including the death certificate and toxicology

1

reports from the alleged victim.[1] Plaintiff further asks for a federal investigation into the State's Attorney, the Presiding Judge, and his appointed Public Defender. Plaintiff says this Court has a "'Constitutional Duty" to help prevent this arbitrary and discriminatory enforcement against my person." (Comp, p. 3-4). The Court takes judicial notice that Plaintiff's state court case, *Illinois v. Marshall*, Case No. 21 CF 0048, is currently set for jury trial in October of 2022.[2]

Plaintiff does not request monetary damages, nor his immediate release. Instead, Plaintiff asks for injunctive relief including this Court's review of his pending criminal charges and a federal investigation. However, "this court cannot dismiss or otherwise interfere with the state criminal charges pending against (Plaintiff)." *Davis v. Indiana*, 2021 WL 2105326, at *2 (N.D.Ind., May 25, 2021), *citing Younger v. Harris*, 401 U.S. 37, 53 (1971); *see also Spiller v. Loeffel*, 2017 WL 11490114, at *2 (C.D.Ill. May 4, 2017)("Absent extraordinary circumstances, federal courts must abstain from taking jurisdiction over constitutional claims 'when a criminal defendant seeks a federal injunction to block his state court prosecution ....'" *Spiller v. Loeffel*, 2017 WL 11490114, at *2 (C.D.Ill. May 4, 2017), *quoting Younger v. Harris*, 401 U.S. 37, 53-54 (1971)

In addition, although Plaintiff does not clearly identify a Defendant, the Presiding Judge and State's Attorney are immune from suit. *See Stump v. Sparkm*an, 435 U.S. 349, 356-7 (1978)( "[a] judge will not be deprived of immunity because the action he

---

[1] The exhibits were sealed upon receipt.
[2] PEORIA COUNTY TENTH JUDICAL CIRCUIT, Records Portal, https://judicial.peoriacounty.org/Portal/Home/WorkspaceMode?p=0#CaseInformation

took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks omitted); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.").

In addition, a public defender does not act under color of state law when performing the traditional functions of counsel, a requirement for a lawsuit pursuant to Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317 n. 4 (1981); *Cunningham v. Southlake Ctr for Mental Health, Inc*, 924 F.2d 106, 107 (7th Cir.1991). To the extent Plaintiff wishes to have different counsel appointed, he should raise this issue with the judge in his criminal case.

Federal Courts typically stay claims which would interfere with or disrupt ongoing state court proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). However, Plaintiff has failed to state a claim pursuant to Section 1983 and allowing him leave to amend would be futile because he cannot cure the stated deficiencies. *See Spiller*, 2017 WL 11490114, at *2. Therefore, the Court must dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed as frivolous and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2)  This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be responsible for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 18th day of July, 2022

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE